#400



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUCINO SALDANA-VARGAS : | CIVIL ACTION NO. |
| Plaintiff : | **19  2994** |
| v. : | |
| : | JURY TRIAL DEMANDED |
| LF LAMBERT SPAWN CO., INC. : | |
| : | FILED |
| Defendant : | JUL 10 2019 |
| | KATE BARKMAN, Clerk |
| | By_____ Dep. Clerk |

**COMPLAINT**

Plaintiff, Lucino Saldana-Vargas, by and through his undersigned counsel, the Gallagher Law Group, PC, files this Complaint against defendant, LF Lambert Spawn Co., Inc. ("Lambert Spawn"), and in support thereof avers as follows:

**PARTIES**

1. Plaintiff, Lucino Saldana-Vargas, is an adult individual and resident of the Commonwealth of Pennsylvania who currently resides at 240 Charles Street, Coatesville, PA. 19320.

2. As pertinent hereto, plaintiff was employed by Lambert Spawn and worked a "full-time" schedule during the three (3) years preceding the filing of this action, with a period of disability-related absence occurring in early 2019.

3. Plaintiff's last date of employment with Lambert Spawn was on or about May 31, 2019.

4. Defendant, Lambert Spawn is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, whose principal place of business is located at 1507 Valley Road, Coatesville, PA. 19320.



5. According to Lambert Spawn's website:

> Founded in 1919, L.F. Spawn Co, is the oldest independent spawn manufacturer in North America. Beginning with Louis Lambert's dream to make pure culture spawn, this revolutionary discovery forever changed the mushroom industry and laid the course for the next ninety years...
>
> Lambert Spawn's production capability is currently distributed over three different campuses. Our spawn manufacturing is housed in two facilities located in Coatesville, PA. Our Supplements are produced in our Ohio facility.

## JURISDICTION AND VENUE

6. Plaintiff herein asserts claims for overtime pursuant to Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and Pennsylvania's Minimum Wage Act, 43 P.S.§§336.1, *et seq.* ("PMWA"), along with a claim for unpaid wages pursuant to Pennsylvania's Wage Payment and Collection Law, 43 Pa.C.S.A. §260.1 *et seq.* ("WPCL").

7. The amount in controversy in this matter is not in excess of the arbitration limits of this Court.

8. The Court has jurisdiction over this matter by its authority to hear cases arising under the laws of the United States, pursuant to 28 U.S.C. §1331. This civil action arises under the Constitution and laws of the United States. Plaintiff is alleging a violation of his rights under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA").

9. The Court has jurisdiction over the state law claims set forth herein pursuant to 28 U.S.C. §1367(a), as such claims are closely related to the claims in the action within the Court's original jurisdiction.

10. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b), as defendant is located within this jurisdiction, regularly conducts business in this district and a substantial part of the events giving rise to the claims occurred in the Eastern District of Pennsylvania.

## FACTS

### A. Plaintiff's Job Duties

11. At all times relevant hereto, plaintiff was employed at Lambert Spawn's Coatesville facility, in which he performed menial labor consisting largely of cooking mushrooms.

12. Plaintiff was at all times paid on an hourly basis.

13. Plaintiff was at all times required to punch a time clock, and did so each day.

14. At no time did plaintiff supervise or direct the activities of any other employee of Lambert Spawn.

15. At no time was plaintiff involved in decisions relating to the hiring, discipline or supervision of any employee of Lambert Spawn.

16. Stated further, plaintiff did *not*:

   a. supervise two (2) or more Lambert Spawn employees;

   b. hire/discipline/fire employees of Lambert Spawn employees;

   c. participate in decisions concerning the hiring, disciplining or firing of Lambert Spawn employees;

   d. participate in decisions concerning the purchase or sale of Lambert Spawn inventory, merchandise, products, inventory and/or equipment;

   e. have any involvement in preparing or reviewing financial information concerning the operations of Lambert Spawn, or any component thereof; or,

   f. have any involvement in negotiating or administering contracts between Lambert Spawn and its clients, customers and/or contractors.

### B. Plaintiff Entitled to Overtime but not Paid Overtime Despite Regularly Working More than 40 Hours per Week

17. Plaintiff averaged approximately 68 hours of work each week during the relevant years of active employment preceding his separation from the employment of Lambert Spawn.

3

18. Although plaintiff was paid his "straight wage" of approximately $17 per hour for most if not all of the hours that he worked, he was at no time paid any overtime rate (i.e. 1.5 times his hourly rate of pay) for any overtime hours that he worked.

19. While employed by Lambert Spawn, the plaintiff provided labor and other services that qualified him for overtime under both the FLSA and Pennsylvania's Minimum Wage Act, 43 P.S.§§336.1, *et seq*. ("PMWA").

20. Lambert Spawn knowingly and intentionally failed to pay overtime to plaintiff, in violation of said statutes.

21. Lambert Spawn made repeated and continual decisions, which were willful and wanton in nature, to refuse payment of overtime wages lawfully earned by plaintiff.

22. Plaintiff seeks damages in accordance with FLSA and PMWA for the overtime payments that defendant willfully failed and refused to pay to him.

### COUNT I – PLAINTIFF v. DEFENDANT
### Violation of the Fair Labor Standards Act

23. Plaintiff hereby incorporates by reference all other paragraphs of his Complaint as though more fully set forth at length herein.

24. Plaintiff was at all material times a non-exempt employee who was entitled to overtime payments during the entire period that he was employed by defendant.

25. Plaintiff routinely worked in excess of 40 hours during any given work week while he was employed by defendant.

26. Plaintiff did not receive overtime payment for such overtime hours.

27. Defendant knew or should have known that it was required to pay overtime to plaintiff.

4

28. Defendant willfully, wantonly and intentionally deceived plaintiff by refusing to pay plaintiff overtime compensation, even though at all times material hereto defendant knew that plaintiff neither managed nor superintended a department or division, nor any of its employees.

29. Plaintiff is entitled to receive payment equal to one and one-half his hourly rate for every hour worked beyond forty (40) hours per week, along with attorney's fees, costs, liquidated damages and all other relief appropriate under the FLSA.

WHEREFORE, plaintiff, Lucino Saldana-Vargas, hereby demands judgment in his favor and against defendant, LF Lambert Spawn Co., Inc., in a sufficient amount to fully compensate him for his losses, along with attorney fees, liquidated damages, costs and such other relief as the Court deems just and appropriate.

### COUNT II – PLAINTIFF v. DEFENDANT
### Violation of the Pennsylvania Minimum Wage Act

30. Plaintiff hereby incorporates by reference all other paragraphs of his Complaint as though more fully set forth at length herein.

31. Plaintiff was at all material times a non-exempt employee who was entitled to overtime payments during the entire period that he was employed by defendant.

32. Plaintiff routinely worked in excess of 40 hours during any given work week while he was employed by defendant.

33. Plaintiff did not receive overtime payment for such overtime hours.

34. Defendant knew or should have known that it was required to pay overtime to plaintiff.

35. Defendant willfully, wantonly and intentionally deceived plaintiff by refusing to pay plaintiff overtime compensation, even though at all times material hereto defendant knew

5

that plaintiff neither managed nor superintended a department or division, nor any of its employees.

36. Plaintiff is entitled to receive payment equal to one and one-half his hourly rate for every hour worked beyond forty (40) hours per week, along with attorney's fees, costs and all other relief appropriate under the PMWA.

WHEREFORE, plaintiff, Lucino Saldana-Vargas, hereby demands judgment in his favor and against defendant, LF Lambert Spawn Co., Inc., in a sufficient amount to fully compensate him for his losses, along with attorney fees, costs and such other relief as the Court deems just and appropriate pursuant to PMWA.

WHEREFORE, plaintiff, Lucino Saldana-Vargas, hereby demands judgment in his favor and against defendant, LF Lambert Spawn Co., Inc., in a sufficient amount to fully compensate him for his losses, along with attorney fees, liquidated damages, costs and such other relief as the Court deems just and appropriate.

### COUNT III – PLAINTIFF v. DEFENDANT
### Violation of the Pennsylvania Wage Payment and Collection Law

37. Plaintiff hereby incorporates by reference all other paragraphs of his Complaint as though more fully set forth at length herein.

38. Plaintiff was at all material times a non-exempt employee who was entitled to overtime payments during the entire period that he was employed by defendant.

39. Plaintiff routinely worked in excess of 40 hours during any given work week while he was employed by defendant.

40. Plaintiff did not receive overtime payment for such overtime hours.

41. Defendant's failure to pay plaintiff to which he was entitled was without justification or good reason.

42. Defendant knew or should have known that it was required to pay overtime to plaintiff.

43. Defendant willfully, wantonly and intentionally deceived plaintiff by refusing to pay plaintiff overtime compensation, even though at all times material hereto defendant knew that plaintiff neither managed nor superintended a department or division, nor any of its employees.

44. Plaintiff is entitled to receive payment equal to one and one-half his hourly rate for every hour worked beyond forty (40) hours per week, along with attorney's fees, costs, liquidated damages and all other relief appropriate under the WPCL.

WHEREFORE, plaintiff, Lucino Saldana-Vargas, hereby demands judgment in his favor and against defendant, LF Lambert Spawn Co., Inc., in a sufficient amount to fully compensate him for his losses, along with attorney fees, liquidated damages, costs and such other relief as the Court deems just and appropriate.

July 6, 2019

**GALLAGHER LAW GROUP, PC**

By: _____
John A. Gallagher, Esquire
Counsel for Plaintiff
Attorney I.D. No. 61914
5 Great Valley Parkway, Suite 210
Malvern, PA 19355
(610) 647-5027
(610) 889-9726 (fax)
jag@johnagallagher.com

7

JS 44 (Rev 06/17)

# CIVIL COVER SHEET

19-cv-2994

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Lucino Saldana-Vargas

### DEFENDANTS
2. LF Lambert Spawn Co., Inc.

**(b)** County of Residence of First Listed Plaintiff: Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Chester
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
John A. Gallagher, Esquire
5 Great Valley Parkway, Ste. 210, Malvern, PA 19355

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §§201, et seq.
Brief description of cause:
Overtime Claim

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 145,000.00
CHECK YES only if demanded in complaint
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 07/06/2019
SIGNATURE OF ATTORNEY OF RECORD

JUL 10 2019

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

19    2994

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 240 Charles Street, Coatesville, PA. 19320

Address of Defendant: 1507 Valley Road, Coatesville, PA. 19320

Place of Accident, Incident or Transaction: Coatesville, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 07/06/2019                                                            61914

*Attorney-at-Law / Pro Se Plaintiff*                            *Attorney I D # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [✓] All other Federal Question Cases
   *(Please specify)* FLSA (Overtime)

**B.  Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify)* _____
7. [ ] Products Liability
8. [ ] Products Liability -- Asbestos
9. [ ] All other Diversity Cases
   *(Please specify)* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, ~~John A. Gallagher~~, counsel of record or pro se plaintiff, do hereby certify

[ ] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought

DATE: ~~07/06/2019~~                                                   ~~61914~~

*Attorney-at-Law / Pro Se Plaintiff*                            *Attorney I D # (if applicable)*

JUL 10 2019

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609 (5/2018)





IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Lucino Saldana-Vargas | : | CIVIL ACTION |
| v. | : | |
| LF Lambert Spawn Co., Inc. | : | NO. 19 2994 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                         ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                         ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.               (X)

| | | |
|---|---|---|
| July 6, 2019 | John A. Gallagher, Esq. | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-647-5027 | 610-889-9726 | jag@johnagallagher.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUL 10 2019